DA 08-0467

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 240N

IN THE MATTER OF THE ESTATE OF:

LARRY GORDON BURTON,

     Deceased.

SYLVIA GESHELL,

     Removed Personal Representative of the
     Estate of Larry Gordon Burton,

          Appellant,

    v.

DIANA VANEK,

     Substituted Personal Representative of the
     Estate of Larry Gordon Burton,

          Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
               In and For the County of Missoula, Cause No. DP-04-127
               Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Harold V. Dye, Nancy K. Moe; Dye & Moe, P.L.L.P.,
          Missoula, Montana

     For Appellee:

          P. Mars Scott, Kerry N. Newcomer; P. Mars Scott Law Offices
          Missoula, Montana

                    Submitted on Briefs:  June 25, 2009
                              Decided:  July 21, 2009

Filed:

           _____
                       Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Sylvia Geshell (Geshell) appeals from orders of the Fourth Judicial District Court, Missoula County, relating to the administration of the Estate of Larry Gordon Burton (Burton).  We affirm.

¶3      Geshell presents the following issues on appeal:

¶4      Whether the District Court was correct in concluding that Geshell waived her right to appeal a September 30, 2005 order distributing a portion of the estate.

¶5      Whether the District Court's findings of fact were clearly erroneous.

¶6      Whether the District Court erred by appointing Diana Vanek (Vanek) personal representative in preference to those having other priority.

¶7      Whether the District Court abused its discretion in awarding Vanek attorney fees.

¶8      Burton died testate on August 14, 2004.  Geshell, Burton's ex-wife and business partner in Creative Arts, was appointed personal representative of the Estate on August 20, 2004.  Burton's last will and testament made the following devise, among others, to Vanek, his domestic partner:  "I also request [Vanek] be allowed to live at my

2

Rattlesnake home free of any rent for as long as she chooses to do so, or until she remarries." On September 3, 2004, Vanek filed a claim against the Estate asserting her status as a creditor and recipient under the will of a rent-free life estate in the Rattlesnake home, along with a notice of lis pendens on the property. On September 14, 2004, Geshell filed a motion for approval of sale of real estate free of lis pendens, to which Vanek objected.

¶9 On December 17, 2004, following a hearing, the court held that the interest granted Vanek became a financial interest and allowed the sale of the Rattlesnake residence. Vanek amended her claim against the Estate accordingly, but Geshell denied Vanek's claim. Vanek filed a petition for allowance, which the District Court granted on September 30, 2005, "to the extent that [Vanek] is entitled to distribution of $129,679.00, as her financial interest in the specific devise that she be 'allowed to live at my Rattlesnake home free of any rent for as long as she chooses to do so, or until she remarries.'" Vanek filed her notice of entry of judgment on October 18, 2005.

¶10 On October 31, 2005, Geshell filed a motion for certification pursuant to M. R. Civ. P. 54(b) requesting that the District Court certify that *all* of Vanek's claims against the Estate were adjudicated within its September 30, 2005 order. Vanek objected to the certification motion on the grounds that Geshell failed to meet the burden of proof required by M. R. Civ. P. 54(b) and that the motion was untimely since other claims still required adjudication. On May 1, 2006, the District Court denied Geshell's request for certification. Over a year later, on May 15, 2007, Geshell moved to reconsider the September 30, 2005 order. The District Court denied Geshell's request on August 21,

3

2007, concluding that Geshell failed to act to set aside the judgment within a reasonable time.

¶11    On April 8, 2008, Vanek filed a petition for supervised administration arguing that Geshell had wrongfully administered the Estate such that Vanek's devises could not be satisfied and requesting that Geshell be removed as personal representative. On May 20, 2008, Geshell filed the final account, petition for determination of testacy, for determination of heirs, and for settlement and distribution of a testate estate by personal representative. Geshell's inventory stated that Creative Arts and Burton's photography collection, which had been devised to her, had no value. Geshell's final account did not include payment of the financial interest to Vanek. Geshell also had paid $120,000 of Creative Arts' debts with Estate money, claiming that the money taken was a loan, although no written note or security instrument were provided to assure repayment. On July 7, 2008, the District Court conducted a hearing on pending petitions, in which both Geshell and Vanek testified. The District Court issued lengthy findings of fact, conclusions of law and an order on August 27, 2008. Geshell was removed as personal representative for wrongfully administering the Estate and Vanek was inserted in her place.

¶12    Geshell's appeal of the September 30, 2005 order to pay Vanek $129,679 for the life estate is untimely under M. R. App. P. 1 (2005). A party in a civil case may appeal from a judgment or order "refusing, allowing, directing the distribution or partition of any estate, or any part thereof, or the payment of a debt, claim, legacy, or distributive share. . . ." M. R. App. P. 1(b)(3) (2005). M. R. App. P. 5(a)(1) (2005) requires that a civil

4

appeal be filed within 30 days from entry of judgment. Geshell failed to appeal the September 30, 2005 order within 30 days of Vanek filing her entry of judgment on October 18, 2005. Thus, we conclude that Geshell waived her right to appeal the District Court's decision to grant Vanek $129,679 as her financial interest in lieu of the life estate.

¶13 Turning to the District Court's August 27, 2008 findings of fact, a finding is "clearly erroneous" if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if review of the record convinces this Court that the district court made a mistake. *In re Estate of McDermott*, 2002 MT 164, ¶ 22, 310 Mont. 435, 51 P.3d 486. Geshell argues that various findings are unsupported by evidence in the record. However, Geshell limits her argument to testimony presented at the July 7, 2008 hearing and thereby ignores previous hearings, argument, testimony, and extensive briefing in the almost four years prior to that hearing. Our review of the record does not convince us that the District Court's findings of fact were clearly erroneous.

¶14 Geshell argues that the District Court erred by appointing Vanek personal representative in preference to family members that Burton listed in his will as alternate executors. We review a district court's conclusions of law to determine whether they are correct. *Estate of McDermott*, ¶ 22. Nothing in the record indicates that Burton's alternate executors were willing or able to act as personal representative, had any stake in the administration of the Estate, or were informed of the current status of the Estate. As noted above, the court had the benefit of an extensive record, and we find no reason to

5

conclude that the District Court was incorrect by appointing Vanek personal representative.

¶15 Finally, Geshell argues that the District Court erred in awarding Vanek attorney fees since she was not personal representative at the time she incurred the fees. We review a district court's grant of attorney fees for abuse of discretion. *In re Marriage of Gorton and Robbins*, 2008 MT 123, ¶ 45, 342 Mont. 537, 182 P.3d 746. The District Court determined that Geshell breached her fiduciary duty to Vanek by failing to fairly value all Estate property, failing to abate devises in order of statutory priority, by taking cash from the Estate, and by failing to distribute money and property devised to Vanek. Vanek incurred attorney fees as a result of Geshell's wrongful conduct, and by substituting Vanek for Geshell as personal representative, the District Court ordered recovery of Vanek's attorney fees. The District Court did not abuse its discretion in awarding Vanek her attorney fees as allowed by § 72-3-632, MCA.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit because the issues are clearly controlled by settled Montana law; the issues are factual and there clearly is sufficient evidence to support the findings of fact below; and the issues are ones of judicial discretion and there clearly was not an abuse of discretion.

¶17 Affirmed.

/S/ MIKE McGRATH

6

We concur:

/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ JAMES C. NELSON